Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
Z.E., by and through his Guardian
Ad Litem RIKKI MARIE DOBBS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Z.E. by and through his Guardian Ad Litem RIKKI MARIE DOBBS,

Plaintiff,

vs.

SEAWORLD, LLC,

Defendant,

Case No.: '21CV1596 BTM KSC

**COMPLAINT FOR DAMAGES FOR:**

1. **PREMISES LIABILITY**
2. **GENERAL NEGLIGENCE**
3. **PRODUCTS LIABILITY - STRICT LIABILITY**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. Plaintiff, Z.E., a minor, by and through his mother and Guardian Ad Litem RIKKI MARIE DOBBS (hereinafter referred to collectively as "Plaintiff"), by and through his Counsel of record, brings this action against SEAWORLD, LLC (hereinafter referred to as "SeaWorld" or "Defendant") pertaining to Defendant's acts and/or omissions that caused Plaintiff severe personal injury damages.

## PARTIES

2. Plaintiff Z.E., by and through his Guardian Ad Litem RIKKI MARIE DOBBS, is and was at all times mentioned herein a natural person under the age of 18, who did and still does reside with his mother / Guardian Ad Litem in the city of Burleson, in the County of Tarrant, in the State of Texas.  Thus, Plaintiff is a citizen of the state of Texas.

3. Defendant SeaWorld LLC owns and operates the theme park SeaWorld San Diego.

4. Defendant SeaWorld LLC is a Limited Liability Company organized under the laws of the State of Delaware, with its principal place of business in the State of Florida.

5. Defendant SeaWorld LLC is a single-member Limited Liability Company, whose sole member is SeaWorld Parks & Entertainment, Inc.  Thus, Defendant is a citizen of the state of Delaware and Florida.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Defendant and all causes of action alleged in the Plaintiff's Complaint pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and is between citizens of different states.

7. This action is between Plaintiff, Z.E., by and through his Guardian Ad Litem, who is a citizen of Texas, residing in Burleson, Texas, whereas Defendant, SeaWorld, LLC is a citizen of the states of Delaware and Florida.

8. The conduct alleged herein occurred in California, in the County of San Diego at the theme park SeaWorld San Diego.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all of the injuries alleged herein occurred in the County of San Diego, California.  Furthermore, Defendant regularly conducts business within State of California, County of San Diego.

## GENERAL ALLEGATIONS

10. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

11. The Plaintiff was at all times mentioned herein a paying customer of Defendant lawfully on the premises of the SeaWorld San Diego theme park located at, 500 Sea World Dr., San Diego, California 92109 (hereinafter referred to as "the Subject Premises" or "Theme Park").

12. Defendant SeaWorld, LLC is the owner, operator, lessor, lessee and/or other party in control of the Subject Premises.

13. On September 13, 2019, the minor Plaintiff entered the Theme Park with his mother. After being measured by the Defendant's staff who were operating the rollercoaster ride named: "Electric Eel," and being assured he was over 54 inches tall and thus a safe height to ride said ride, Plaintiff rode the "Electric Eel" ("Roller Coaster"), whereby he suffered a severe laceration to his forehead, head contusion, concussion, and emotional distress from the unsafe design of said Roller Coaster.

14. The Electric Eel ride forcefully jolts the Defendant's customers forwards and then backwards at high speeds, thus causing the customer's heads and necks to jerk forwards when the ride abruptly switches direction.

15. However, instead of providing the Defendant's customers with a safety harness that tightly fits the riders, here SeaWorld (presumably to cause excitement and fear) leaves the harness loose, thus creating an unnecessarily unsafe condition, which allows the rider's body to jerk their head and necks forward abruptly without protection from said jolts.

16. Further, to compound the unsafe condition of the subject Roller Coaster, the harness hooks into a metal clip on the ride's chair, which contains an unnecessarily sharp metal edge, which unnecessarily is not coated in a soft rubber or plastic to dull the sharpness of the edges and avoid injuries to its riders. A true

and correct picture of the aforementioned unnecessarily unsafe sharp metal hook used to strap in the Plaintiff's harness in the Roller Coaster is shown below:



17. Here, on September 13, 2019, as a direct and proximate result of the subject rollercoaster's aforementioned unsafe design, when the ride switched directions the Plaintiff's head was jerked forward slamming his forehead into the sharp metal hook on the harness, thereby cutting his forehead, causing a severe contusion, and concussion, which caused Plaintiff to be forced to obtain stitches, suffer scarring, and emotional distress as a result.

18. Defendant negligently, carelessly and recklessly operated, inspected, repaired, maintained, modified, managed, controlled and supervised the Subject Premises, and permitted or created the dangerous condition on the Subject Premises so as to cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the conditions of said Subject Premises were such that individuals upon the Subject Premises, including the Plaintiff, were exposed to danger and injury while lawfully attending Defendant's Theme Park.

19. Defendants at all times mentioned herein failed to warn Plaintiff of the dangerous conditions that existed at the Subject Premises.

20. Defendant knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, care, control and maintenance were taken of the Subject Premises, that a dangerous but deceptive condition existed on Defendant's premises. Defendant negligently failed to take reasonable precautions to prevent injuries to persons lawfully on the Subject Premises, including Plaintiff.

21. At all times mentioned herein, Plaintiff was lawfully on the subject premises and was unable to foresee or prevent the impending injury.

22. On September 13, 2019, at all times mentioned herein, the aforementioned Theme Park's Roller Coaster was in a dangerous condition which created a substantial risk of injury when said property was used with due care in a manner in which it was reasonably foreseeable that it would be used, in that Defendant designed, created, built maintained, controlled and operated the Electric Eel Roller Coaster.

23. At all times mentioned herein, Defendant SeaWorld designed, created, built maintained, controlled and operated the Electric Eel Roller Coaster in such a manner so as to create a dangerous condition for users thereof due to Defendant's failure to use known and utilized safety features to secure its customers when riding said Roller Coaster.

24. At all times mentioned herein, the dangerous condition referenced above created a reasonably foreseeable risk of the kind of injury which is hereafter alleged, and the Defendant had actual knowledge of the existence of said dangerous condition and knew or should have known of its dangerous character a sufficient time prior to the aforesaid time and place to have taken measures against the dangerous condition.  Therefore, Defendant breached their duty owed to Plaintiff as a lawful paying customer to rectify said dangerous condition prior to the September 13, 2019 incident complained of herein.

25. As a direct and proximate result of the negligence, carelessness, unlawfulness, recklessness, and wantonness of Defendant regarding the dangerous condition created thereby, the Plaintiff's head slammed into the metal hook depicted in the photo above and suffered serious and debilitating physical injuries.

26. Furthermore, immediately after the Plaintiff was injured while riding the subject Roller Coaster, an employee / supervisor ("Supervisor") arrived to assess the situation.  Due to the fact that Plaintiff was severely bleeding on his seat and harness, the Supervisor ordered the Roller Coaster closed for the day.  In doing so, the Supervisor allowed all other passengers to exit the Roller Coaster.  However, the Supervisor would not allow the minor Plaintiff to exit his seat until paramedics arrived.  The Supervisor kept the minor Plaintiff stuck on the ride by not opening his lap restraint, while the young minor Plaintiff sat their bleeding, and unable to be comforted by his mother for approximately 45 minutes.

27. Due to the minor's age, he suffered unnecessary emotional distress during this arduous 45 minutes, as he was forced against his will to remain seated on the

subject Roller Coaster crying, soaked in his own blood, and unable to be comforted by his mother. The Plaintiff's mother during this unnecessarily lengthy time period was waiting for her son at the exit of the ride – unable to enter the ride's seating area to comfort her son.

28. At all times mentioned herein, at the Subject Premises, Plaintiff lawfully came upon said Subject Premises.

29. As a direct and proximate result of the aforementioned negligence, carelessness, recklessness, and unlawfulness, the Plaintiff hit his head on the unsafe metal hook while on said Subject Premises.

30. By reasons of the foregoing, this Plaintiff has been required to employ the services of physicians, nurses, and other medical services.

# I.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

31. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

32. Plaintiff is informed and believes, and thereupon alleges, that on or about the above-referenced date and place, Defendant, SeaWorld, LLC owed a duty of care to plaintiff to keep the subject premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition or preventing, curing, and/or removing the aforementioned dangerous condition.

33. Plaintiff is informed and believes, and thereupon alleges, that on or about the above-referenced date and place, Defendant, owed a duty of care to Plaintiff because they owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised the Subject Premises, permitted or created the dangerous condition, and/or were party in control of the Subject Premises.

34. Plaintiff is informed and believes and thereupon alleges that on September 13, 2019, Defendant also owed a duty of care to Plaintiff by undertaking the task of removing, fixing and/or curing the dangerous condition, pursuant to a special relationship existing between Plaintiff (a customer of Defendant) and the Defendant, SeaWorld, LLC.

35. Plaintiff is informed and believes, and thereupon alleges that Defendant breached the above mentioned duty of care because they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the Subject Premises, permitted or created the dangerous condition, increased the risk of harm or created a false sense of safety (i.e., reliance on the undertaking) at the Subject Premises so as to cause Plaintiff to encounter a dangerous and deceptive condition causing the severe laceration to his forehead, concussion, scarring, and emotional distress, thereby directly causing the injuries and damages to Plaintiff as described herein.

36. Plaintiff also relied on the aforementioned acts/omissions of Defendant to his detriment.

37. As a direct result of the conduct of the Defendant, Plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries to his forehead and emotional distress. Plaintiff is informed and believes, and thereupon alleges, that said injuries will result in permanent facial scarring, as well as lasting psychological trauma.  As a direct result of Defendant's negligence, Plaintiff suffered general damages in an amount which will be stated according to proof at the time of trial.

38. As a direct result of the conduct of the Defendant, Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical professional and incidental expenses, and Plaintiff is informed and believes, and thereupon alleges, that by

reason of his injuries he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

## II.
## SECOND CAUSE OF ACTION
## PREMISES LIABILITY

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

40. At all times mentioned herein, Defendant negligently, carelessly and recklessly owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the Subject Premises, and/or permitted or created the dangerous condition on the subject premises so as to cause or allow the dangerous conditions thereon, and that at all times mentioned herein, the conditions of said Subject Premises were such that individuals upon the Subject Premises, including the Plaintiff, were exposed to danger and injury while lawfully on the Subject Premises. Here, Defendant failed to warn Plaintiff of the dangerous conditions that existed at the Subject Premises.

41. Defendant knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, care, control and maintenance were taken of the Subject Premises, that a dangerous but deceptive condition would exist on Defendant's premises. Defendant negligently failed to take reasonable precautions to prevent the injuries to persons lawfully on the Subject Premises, including Plaintiff.

42. On September 13, 2019, Defendant SeaWorld, LLC negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed,

controlled, supervised, and/or permitted the Subject Premises so as to cause Plaintiff the severe laceration and contusion to his forehead, and thereby directly causing the injuries and damages to Plaintiff as described herein.

43. As a direct result of the conduct of the Defendant, Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his person, all of which said injuries have caused and continue to cause the plaintiff great physical pain, mental pain, nerve pain and severe suffering. Plaintiff is informed and believes, and thereupon alleges, that said injuries will result in some permanent scarring and emotional distress. As a direct result of Defendant's negligence in the use or maintenance of the subject Roller Coaster, Plaintiff suffered general damages in an amount which will be stated according to proof at the time of trial.

44. As a direct result of the conduct of the Defendants, Plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat him, and did incur hospital, medical professional and incidental expenses, and Plaintiff is informed and believes, and thereupon alleges, that by reason of his injuries he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

45. As a further proximate result of the negligence in the use or maintenance of the subject Roller Coaster located on the Subject Premises by Defendants as alleged herein, Plaintiff has incurred, and will continue to incur other pecuniary losses, the full nature, extent and amount of which are not yet known to Plaintiff, the exact amount of such expenses will be stated according to proof at the time of trial.

## III.
## THIRD CAUSE OF ACTION
## PRODUCTS LIABILITY – STRICT LIABILITY

46. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

47. Plaintiff is in the class of persons that the Defendant should reasonably foresee as being subject to the harm caused by the defectively designed Roller Coaster named the Electric Eel when using said product in the manner in which the Roller Coaster was designed for and intended to be used.

48. The defective condition of the Roller Coaster was due to its design, whereby the Defendant chose to manufacture the product in a manner in which it was unnecessarily unsafe due to the harness being excessively loose, as well as the metal hook not being coated in a softer rubber coating.

49. Plaintiff was harmed by the Roller Coaster that was manufactured by Defendant, and defectively designed.

50. Defendant, which is engaged in the business of manufacturing, assembling, selling, and providing services, associated with customers like Plaintiff riding the subject Roller Coaster. Therefore, Defendant placed the Subject Roller Coaster into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the product.

51. The Roller Coaster was defective in design and the manner of handling and unreasonably dangerous when it reached the user and consumer of the product, Plaintiff, without substantial alteration in the condition in which it was sold.

52. The Roller Coaster was unreasonable and dangerously defective beyond the extent contemplated by ordinary consumers with ordinary knowledge regarding these types of theme park rides / products.

53. Defendant's Roller Coaster was defective due to inadequate post-marketing warning or instructions, because after Defendant knew or should have known of the

risk of injury from their defective product, they failed to provide adequate warnings to their consumers, and thus consumers like Plaintiff continued to use the defectively designed product as if it were safe and effective.

54. Plaintiff was injured while the product was being used in an intended or reasonably foreseeable manner.

55. The product defects alleged above were a substantial contributing cause of the aforementioned injuries suffered by Plaintiff.

56. As a direct and proximate cause of the Defendants' defective product, Plaintiff suffered the aforementioned damages, the exact amount of such expenses will be stated according to proof at the time of trial.

57. Defendants manufactured and sold an admission to the SeaWorld Theme Park which encompassed using the Roller Coaster product supplied and manufactured by Defendant for its intended use, which was to ride the Electric Eel Roller Coaster as Plaintiff did.

58. The Roller Coaster supplied to Plaintiff was unreasonably dangerous when it left the hands of Defendant, the manufacturers and suppliers, and reached the user and consumer of the product, Plaintiff, without substantial alteration in the condition in which it was sold.

59. The Roller Coaster manufactured and sold by Defendant had the potential risk to cause severe lacerations to riders' heads, that was known to Defendant, or knowable in light of generally accepted knowledge at the time the use of the product was sold to Plaintiff.

60. The risk of the Roller Coaster injuring Plaintiff's head presented a substantial danger when used in its intended and foreseeable manner.

61. Ordinary consumers would not have recognized the risk that the sudden jerking of the Roller Coaster would cause Plaintiff to suffer severe facial lacerations, contusions, and a concussion.  A reasonable manufacturer would have recalled said defective product.

62. Defendants failed to adequately warn Plaintiff of the potential risk that the Roller Coaster would injure his forehead.

63. The lack of sufficient warning alleged above was a substantial contributing cause of the injuries suffered by Plaintiff.  In addition, Plaintiff has suffered mental distress and anguish and has suffered permanent impairment, the exact amount of such expenses will be stated according to proof at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant DSNB herein, respectfully requests this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of compensatory damages according to proof, along with prejudgment interest at 10% per annum pursuant to California Civil Code section (CA Civ. C. §) 3291;

b. As to the Second Cause of Action, an award of compensatory damages according to proof, along with prejudgment interest at 10% per annum pursuant to CA Civ. C. § 3291;

c. As to the Third Cause of Action, an award of compensatory damages according to proof, along with prejudgment interest at 10% per annum pursuant to CA Civ. C. § 3291; and

d. For such other and further relief as the Court may deem just and proper.

Dated: September 10, 2021   By:   */s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorneys for Plaintiff
Z.E., by and through his
Guardian Ad Litem
RIKKI MARIE DOBBS

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: September 10, 2021      By:      */s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorneys for Plaintiff
Z.E., by and through his
Guardian Ad Litem
RIKKI MARIE DOBBS